PER CURIAM:
Claimants brought this action for vehicle damage which occurred when a tree fell onto their vehicle while claimant Jo Ann Berwinkle was traveling on Route 19 in Clarksburg, Harrison County. Route 19 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 4:30 p.m. on August 13, 2005, a clear and warm day. Jo Ami Berwinkle testified that she was stopped at a red light just prior to the VA bridge in Clarksburg when a tree or large branch fell from the hillside adjacent to Route 19 and struck her vehicle. She stated that she had not noticed the tree before it fell and that there were many trees on the hillside adjacent to Route 19. Mrs. Berwinkle testified that the branch appeared to be a live tree since it had leaves on it. The tree went through her vehicle’s passenger side window and broke the front windshield. Claimants’ vehicle sustained $2,818.62 in damages. Claimants’ insurance deductible was $250.00.
The position of the respondent is that it did not have actual or constructive *97 notice of the condition on Route 19 at the site of the claimants’ accident for the date in question. The respondent did not present any witnesses at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). The general rule of this Court with regard to tree fall claims is that if a tree is dead and poses an apparent risk, then the respondent may be held liable. However, when an apparently healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles vs. Division of Highways, 22 Ct. Cl. 170 (1998); Gerritsen vs. Dept. of Highways, 16 Ct. Cl. 85 (1986).
In the instant case, the Court is of the opinion that respondent had no notice that the tree at issue posed an apparent risk to the public. The evidence adduced at the hearing established that the tree appeared to be a live and healthy tree. Neither claimants nor respondent had reason to believe that the tree was in danger of falling. Thus, the claimants have not established any negligence on the part of the respondent, and firrther, they may not make a recovery for their loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.